UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

JUNUS TOAR, *individually and on behalf of all*
*other persons similarly situated,*

                           Plaintiff,

                -against-

SUSHI NOMADO OF MANHATTAN, INC., and
WEI LOONG CHAN, *jointly and severally,*

                        Defendants.

**Case No.: 13-cv-01901 (VSB)**

----------------------------------------------------------------x


# MEMORANDUM OF LAW SUBMITTED IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

SAUL D. ZABELL, ESQ.
Zabell & Associates, P.C.
*Attorneys for Defendants*
One Corporate Drive, Suite 103
Bohemia, New York 11716
Tel.:   (631) 589-7242
Fax.:   (631) 563-7475
szabell@laborlawsny.com

March 9, 2015

## TABLE OF CONTENTS

TABLE OF AUTHORITIES...........................................................................................ii-iii

   I.    PRELIMINARY STATEMENT .................................................................1

   II.   STATEMENT OF FACTS.......................................................................4

   III.  ARGUMENT...........................................................................................4

          A.  STANDARD FOR SUMMARY JUDGMENT UNDER RULE 56 OF THE
              FEDERAL RULE OF CIVIL PROCEDURE…………………………...…4

          B.  OVERTIME – FLSA & NEW YORK LABOR LAW……………………6

          C.  SPREAD OF HOURS – NEW YORK LABOR LAW……………….…..15

   IV.  CONCLUSION .....................................................................................18

# <u>TABLE OF AUTHORITIES</u>

**UNITED STATES SUPREME COURT**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) .......................................................................7, 8

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) .......................................................................5

**FEDERAL COURT CASES**

**<u>United States Court of Appeals</u>**

*Chandok v. Klessig*, 632 F.3d 803, 812 (2d Cir. 2011) .......................................................5

*Daniels v. 1710 Realty LLC,*
    *497 F. App'x 137 (2d Cir. 2012)* .......................................................................8

*Davis v. New York,*
    *316 F.3d 93 (2d Cir. 2002)* .......................................................................5, 6

*DeJesus v. HF Management Services, LLC,*
    *726 F.3d 85 (2d Cir. 2013)* .......................................................................11

*Gallo v. Prudential Residential Servs.*, 22 F.3d 1219 (2d Cir. 1994) .......................................................4

*Grochowski v. Phoenix Const.,*
    *318 F.3d 80 (2d Cir. 2003)* .......................................................................8

*Kuebel v. Black & Decker Inc.,*
    *643 F.3d 352 (2d Cir. 2011)* .......................................................................7, 8, 15

*Major League Baseball Properties, Inc. v. Salvino, Inc.,*
    *542 F.3d 290, 310 (2d Cir. 2008)* .......................................................................5

*Reich v. S. New England Telecomms. Corp.,*
    *121 F.3d 58, 66 (2d Cir. 1997)* .......................................................................8

*Rodriguez v. City of New York*, 72 F.3d 1051 (2d Cir. 1995) .......................................................5

**<u>Federal District Court</u>**

*Amaya v. Superior Tile and Granite Corp.,*
    *10-cv-452 (PGG), 2012 WL 130425 (S.D.N.Y. 2012)* .......................................................9

*Carrasco-Flores v. Comprehensive Health Care and Rehabilitation Services, LLC,*
    *12-cv-5737 (ILG) (JMA), 2014 WL 4954629 (E.D.N.Y. October 2, 2014)* .................7, 16

*Coulibaly v. Millennium Super Car Wash, Inc.*,
   12-cv-04760 (CBA) (CLP), 2013 WL 6021668 (E.D.N.Y. 2013) ........................................6

*CSX Transp., Inc. v. Emjay Envtl. Recycling, Ltd.*,
   12-cv-1865 (JS) (AKT), 2014 WL 4175798 (E.D.N.Y. 2014) ..............................................5

*Doo Nam Yang v. ACBL Corp.*,
   427 F. Supp. 2d 327, 335 (S.D.N.Y. 2005) ........................................................................7

*Drozd v. Vlaval Const., Inc.*,
   09-cv-5122 (SJ), 2011 WL 9192036 (E.D.N.Y. 2011) ........................................................6

*Garcia v. Badyna*,
   13-CV-4021 (RRM) (CLP), 2014 WL 4728287 (E.D.N.Y. 2014) ........................................9

*Gomez v. El Rancho De Andres Carne De Tres Inc.*,
   2012-cv-1264 (CBA) (MDG), 2014 WL 1310296 (E.D.N.Y. 2014) ........................8, 9, 16

*Guadalupe v. Tri-State Empl., Mgt. & Consulting, Inc.*,
   10-cv-3840 (NG) (CLP), 2013 WL 4547242 (E.D.N.Y. 2013) ............................................6

*Jemine v. Dennis*,
   901 F. Supp. 2d 365 (E.D.N.Y. 2012) ................................................................................7

*Lanzetta v. Florio's Enterprises, Inc.*,
   763 F. Supp. 2d 615 (S.D.N.Y. 2011) ................................................................................9

*Kalloo v. Unlimited Mech. Co. of NY*,
   977 F. Supp. 2d 187 (E.D.N.Y. 2013) ................................................................................8

*Malena v. Victoria's Secret Direct, LLC*,
   886 F. Supp 2d 349 (S.D.N.Y. 2012) ................................................................................16

*McGlone v. Contract Callers, Inc.*,
   No. 11-cv-3004 (AT), 2014 WL 4628829 (S.D.N.Y. 2014) ................................................8

*McNamara v. Associated Press*,
   40 F. Supp 3d 345 (S.D.N.Y. 2014) ....................................................................................8

*Moon v. Kwon*,
   248 F. Supp. 2d 201 (S.D.N.Y. 2002) ................................................................................7

*Montessi v. Am. Airlines, Inc.*,
   935 F. Supp. 482 (S.D.N.Y. 1996) ......................................................................................5

*Paguay v. Buona Fortuna, Inc.*,
   11-cv-6266 (LTS), 2013 WL 3941088 (S.D.N.Y. 2013) ..................................................10

*Ramirez v. Riverbay Corp.,*
    13-cv-2367 (JGK), 2014 WL 3800489 (S.D.N.Y. Aug. 1, 2014) ..........................................5

*Williams v. Tri-State Biodiesel, L.L.C.,*
    13-cv-5041 (GWG), 2015 WL 305362 (S.D.N.Y. Jan. 23, 2015) ......................................16

## STATUTES & REGULATIONS

29 USCA § 203 (s)(1)(A) ...........................................................................................................6

29 U.S.C. § 251 ....................................................................................................................7, 8

Fed. R. Civ. P. 56 ......................................................................................................................5

Fed. R. Civ. P. 36 (a) .........................................................................................................13, 14

12 N.Y.C.R.R. § 142-2.18 .......................................................................................................15

12 N.Y.C.R.R. § 142-2.4 .........................................................................................................15

# I.    PRELIMINARY STATEMENT

Plaintiff is an empty vessel whose "claims" serve no purpose other than to facilitate the recovery of attorneys' fees. He demonstrates a manifest inability to meet the requisite elements for the claims upon which he seeks relief. On or about the March 21, 2013, Plaintiff, **JUNUS TOAR** (*hereinafter* "Plaintiff"), filed a Complaint based upon perceived violations of the Federal Labor Standards Act (*hereinafter* "FLSA") and New York Labor Law (*hereinafter* "NYLL") against Defendants, **SUSHI NOMADO OF MANHATTAN, INC**. and **WEI LOONG CHAN** (*hereinafter* collectively "Defendants"). *See* Zabell Affirmation, at <u>Exhibit 2</u>. A *full year later*, on or about the March 20, 2014, Plaintiff amended his Complaint to correct inaccuracies contained therein. *See* Zabell Affirmation, at <u>Exhibit 4</u>. Thereof, (counsel for) Plaintiff erroneously alleged that Defendants failed to, *inter alia*, pay overtime wages under the FLSA and NYLL, and pay spread of hours wages under the NYLL. Notwithstanding the foregoing, during the course of this case, Plaintiff's deposition is the only instance when Plaintiff provided unadulterated information, free from his attorneys' revisions and manipulations, disproves any reasonable assertion that this case is in anyway related to alleged violations of the FLSA and NYLL.

On or about September 11, 2014, and continuing on November 5, 2014, Plaintiff testified under penalty of perjury, that this case was filed *only* because he felt aggrieved that he was terminated from the corporate Defendant's employ. Indeed, Plaintiff testified:

> "Q.    So you're upset that they fired you, correct?
> A.    Yes.
> Q.    And is that why we're here today?
> A.    Yes."

Zabell Affirmation, <u>Exhibit H</u>, at 95:20-24. Plaintiff further testified that:

> "Q.    We're only here because you're upset that you were fired, correct?

> Mr. Sherr:      Objection to form.
> A.      Yes."

Zabell Affirmation, Exhibit H, at 96:07-10. Again, for a third time, Plaintiff testified that:

> "Q.      If anybody says we're *here because of any reason other than you*
> *being fired, they would be lying*, correct?
> Mr. Sherr:      Object to form.
> A.      *Yes.*
> Q.      Okay. And you *only filed your lawsuit because you were fired*,
> correct?
> Mr. Sherr:      Objection to form.
> A.      *Yes.*
> Q.      And for *no other reason*, correct?
> Mr. Sherr:      Objection to form.
> Q.      Correct?
> A.      *Yes.*"

Zabell Affirmation, Exhibit H, at 134:04-19 (emphasis added). Still yet again, for the fourth

time, Plaintiff testified:

> "Q.      Okay. And the only reason you're here is because you were fired,
> correct.
> Mr. Sherr:      Object to form.
> A.      Yes.
> Q.      An that's what you think this lawsuit is about, correct
> Mr. Sherr:      Objection to form.
> A.      Yes.

Zabell Affirmation, Exhibit H, at 151:09-17.

Equally fatal is that during the period of time Plaintiff (*or rather his counsel*) claims he

worked for the corporate Defendant—May 2012 to January 1, 2013—Plaintiff candidly

admitted, no less than three (3) times, that he did not work, acknowledging as such:

> "Q.      What about 2010, do you have your tax return?
> A.      I don't have it.
> Q.      Why don't you have it?
> A.      I don't work.
> Q.      What about 2011, do you have your tax return?
> A.      I don't work [sic] 2011."

2

Zabell Affirmation, Exhibit H, at 96:07-10. When asked to confirm his previous testimony, Plaintiff testified:

> "Q.    Is it your testimony that you did not work in the year 2010?
> A.     Yes.
> Q.     Is it your testimony that you did not work in the year 2012?
> Mr. Sheer:    Objection form.
> Q.     You may answer.
> A.     Yes.
> Q.     Is it your testimony that you did not work in the year 2013?
> Mr. Sheer:    Objection to form.
> Q.     Yes or no, sir?
> A.     Yes."

Zabell Affirmation, Exhibit H, at 09:05-20. When prompted a third (3) time to confirm his testimony, Plaintiff admitted as such:

> "Q.    In the year 2010, when you did not file income tax—when you did not file tax returns, did you work?
> Mr. Sheer:    Objection to form.
> A.     No.
> Q.     In the year 2011, when you did not file taxes, did you work?
> A.     No.
> Q.     In the year 2012, when you did not file tax returns, did you work.
> Mr. Sheer:    Objection form.
> A.     No.
> Q.     In the year 2013, when you did not file taxes, did you work?
> A.     No."

Zabell Affirmation, Exhibit H, at 10:22-24; 11:01-12.

Furthermore, the Complaint names Sushi Nomado of Manhattan, Inc. and Wei Loong Chan as the two (2) Defendants. Yet, when Plaintiff was asked if he could identify Wei Loong Chan, he testified that had never heard of Mr. Chan and could not recall working for him. Zabell Affirmation, Exhibit H, at 47:04-15. Nevertheless, Plaintiff concedes that his counsel prepared the papers for this litigation, which he only read *after the fact*. Zabell Affirmation, Exhibit H, at 46:22-23.

Plaintiff's testimony confirms that this case is not based upon any purported violation of federal or New York law. Indeed, the case is a vehicle by which Plaintiff's counsel hopes to attain attorneys' fees. Plaintiff's deposition testimony—who unlike his attorneys' arguments, is based upon first-hand knowledge—incurably poisons the claims contained in the Complaint, such that Plaintiff cannot establish any of the required elements. For such reasons, further expounded upon hereto, summary judgment must be granted in Defendants' favor, dismissing the FLSA and NYLL overtime claims, along with NYLL spread of hours claim contained in the Complaint, as well as granting Defendants' such other and further relief this Court deems just and proper.

## II.    STATEMENT OF FACTS

The foregoing Preliminary Statement contains an abbreviated narrative of the facts. In the interest of brevity, judicial economy, and deference to Your Honor's Individual Motion Practice Rules relating to page limits, Plaintiff respectfully directs the Court to the Defendants' Statement of Undisputed Material Facts drafted pursuant to Rule 56.1 of this Court, which is annexed to the Notice of Motion hereto, along with the exhibits annexed to the Affirmation of the undersigned for an unabridged delineation of the facts.[1]

## III.    ARGUMENT

### A.    STANDARD FOR SUMMARY JUDGMENT UNDER RULE 56 OF THE FEDERAL RULE OF CIVIL PROCEDURE

Pursuant to Rule 56 of the Federal Rule of Civil Procedure (*hereinafter* Fed. R. Civ. P."), the moving party must "demonstrate that no genuine issue respecting any material fact exists." *Gallo v. Prudential Residential Services, Ltd. Partnership*, 22 F.3d 1219, 1223 (2d Cir. 1994).

---

[1]    The testimonial facts are based upon the deposition testimony of Junus Toar and Lai Fong Chan. True and accurate copies of the deposition transcripts of Plaintiff Junus Toar and Lai Fong Chan are annexed to the Declaration of Saul Zabell dated March 9, 2015 as Exhibits H and I respectively. Additional documentary evidence is annexed to the Zabell Declaration as Exhibits A - G and Exhibits J - M.

*See CSX Transp., Inc. v. Emjay Envtl. Recycling, Ltd.,* 12-cv-1865 (JS) (AKT), 2014 WL 4175798, at *2 (E.D.N.Y. 2014). To that end, "summary judgment may not be granted unless 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56). *See CSX Transp., Inc.,* 2014 WL 4175798, at *2. Summary judgment is improper when "there is any evidence in the record from which a reasonable inference could be drawn in favor of the nonmoving party." *Rodriguez v. City of New York,* 72 F.3d 1051, 1061 (2d Cir. 1995). *See Ramirez v. Riverbay Corp.,* 13-cv-2367 (JGK), 2014 WL 3800489, at *1 (S.D.N.Y. Aug. 1, 2014). Still, the "party opposing summary judgment does *not* show the existence of a genuine issue of fact to be tried merely by making assertions that are *conclusory or based on speculation.*" *Major League Baseball Properties, Inc. v. Salvino, Inc.,* 542 F.3d 290, 310 (2d Cir. 2008) (emphasis added). *See Davis v. New York,* 316 F.3d 93, 99-100 (2d Cir. 2002) (opining that "reliance upon conclusory statements or mere allegations is not sufficient to defeat a summary judgment motion).

Furthermore, Fed. R. Civ. P. 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). *See Chandok v. Klessig,* 632 F.3d 803, 812 (2d Cir. 2011). *See also Montessi v. Am. Airlines, Inc.,* 935 F. Supp. 482, 484-85 (S.D.N.Y. 1996). Consequently, the

"nonmoving party must go beyond the pleadings, and by his or her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, [and] designate specific facts showing that there is a genuine issue for trial." *Davis v. New York*, 316 F.3d 93, 99-100 (2d Cir. 2002) (internal citations omitted).

### B.   OVERTIME – FLSA & NEW YORK LABOR LAW

Plaintiff's claims for overtime wages under the FLSA and NYLL must be dismissed as a matter of law. There is no evidence adduced sufficient for Plaintiff to prove a *prima facie* case for violations of the FLSA and NYLL. At the inception, Plaintiff cannot prove the requisite elements of an FLSA claim. This is not surprising considering Plaintiff's deficient memory. Plaintiff admits no less than three (3) times that he only filed his Complaint because he was upset that he lost his job and that he did not work during the operative period. *See supra* Section I herein.

As a threshold matter, "[t]o establish a claim under the FLSA [(although not under the NYLL)], a plaintiff must prove that: (1) the defendant is an enterprise participating in commerce or the production of goods for the purpose of commerce; (2) the plaintiff is an employee within the meaning of the FLSA; and (3) the employment relationship is not exempted from the FLSA." *Coulibaly v. Millennium Super Car Wash, Inc.*, 12-cv-04760 (CBA) (CLP), 2013 WL 6021668, at *5 (E.D.N.Y. 2013); *Guadalupe v. Tri-State Empl., Mgt. & Consulting, Inc.*, 10-cv-3840 (NG) (CLP), 2013 WL 4547242, at *6 (E.D.N.Y. 2013); *Drozd v. Vlaval Const., Inc.*, 09-cv-5122 (SJ), 2011 WL 9192036, at *4 (E.D.N.Y. 2011). Pursuant to 29 USCA § 203 (s)(1)(A), an enterprise engaged in commerce or in the production of goods for commerce:

> "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and

is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)."

Aside from a conclusory statement in the Complaint, there is no evidence produced during this litigation which identifies that the corporate Defendant "is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." Absent proof of the foregoing, which is part of Plaintiff's burden for proving a *prima facie* FLSA claim, he cannot prevail. Consequently, for this reason alone, Plaintiff's FLSA claim must be dismissed and summary judgment granted in Defendants' favor.

To prove a *prima facie* case under the FLSA and NYLL, for a claim of unpaid overtime, "*plaintiff must prove* that he performed work for which he was not properly compensated, and that the employer had actual or constructive knowledge of that work... [with] sufficient evidence to show the amount and extent of that work as a matter of just and *reasonable inference.*" *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 361 (2d Cir. 2011) (*quoting Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), *superseded on other grounds by* the Portal-to-Portal Act of 1947, 29 U.S.C. § 251, et seq.) (emphasis added). *See Carrasco-Flores v. Comprehensive Health Care and Rehabilitation Services, LLC*, 12-cv-5737 (ILG) (JMA), 2014 WL 4954629, at * 3 (E.D.N.Y. October 2, 2014) ("An *employee* bringing an action for unpaid wages under the FLSA or the NYLL *has the burden of proving* that the defendant did not adequately compensate the employee") (emphasis added). *See also Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 335 (S.D.N.Y. 2005); *Moon v. Kwon*, 248 F. Supp. 2d 201, 219 (S.D.N.Y. 2002). Irrespective of whether an employer maintains records, a plaintiff pleading a violation of the FLSA and NYLL for unpaid overtime wages must submit "'*sufficient evidence* from which violation of the FLSA and the amount of an award may be *reasonably inferred.*'" *Jemine v. Dennis*, 901 F. Supp. 2d

7

365, 376 (E.D.N.Y. 2012) (*quoting Reich v. S. New England Telecomms. Corp.*, 121 F.3d 58, 66 (2d Cir. 1997) (emphasis added). To that end, an "employee's burden 'is not high.'" *Daniels v. 1710 Realty LLC*, 497 F. App'x 137, 139 (2d Cir. 2012).

A plaintiff may satisfy his burden by relying entirely upon his own recollection, to provide a reasonable estimate of the amount and extent of his work.[2] *See Kuebel*, 643 F.3d at 362 (holding that an employee's burden is not high, such that he "need only present sufficient evidence to show the amount and extent of the uncompensated work as a matter of just and reasonable inference... [and] that it is possible for a plaintiff to meet this burden through *estimates based on his own recollection*." *Kuebel*, 643 F.3d at 362 (emphasis added). *See Daniels*, 497 F. App'x 137 (2d Cir. 2012); *Grochowski v. Phoenix Const.*, 318 F.3d 80, 87 (2d Cir. 2003). *See also McGlone v. Contract Callers, Inc.*, No. 11-cv-3004 (AT), 2014 WL 4628829, at *5 (S.D.N.Y. 2014); *Kalloo v. Unlimited Mech. Co. of NY*, 977 F. Supp. 2d 187, 200 (E.D.N.Y. 2013). Still a Plaintiff is required to "*allege more in the complaint* than merely repeating the language of the statute... [A plaintiff] must provide *more detail than the conclusory statement* that defendants failed to pay him..." *Gomez v. El Rancho De Andres Carne De Tres Inc.*, 2012-cv-1264 (CBA) (MDG), 2014 WL 1310296, at *4 (E.D.N.Y. 2014)

---

[2]     Since Plaintiff is unable to meet his initial *prima facie* burden, and in the interests of brevity, Defendants do not delineate the full burden-shifting analysis set forth in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), *superseded on other grounds by* the Portal-to-Portal Act of 1947, 29 U.S.C. § 251, et seq. Under this analysis:

> "When an employer fails to keep adequate records... An employee has carried his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. The employee's initial burden is not a heavy one and can be satisfied based solely on his or her own recollections."

*Paguay v. Buona Fortuna, Inc.*, 11-cv-6266 (LTS), 2013 WL 3941088, at *3-4 (S.D.N.Y. 2013) (internal citations omitted). *See Reich v. S. New England Telecom. Corp.*, 121 F.3d 58, 67 (2d Cir. 1997); *McNamara v. Associated Press*, 40 F. Supp 3d 345 (S.D.N.Y. 2014).

(emphasis added). To that end, the Plaintiff is required to provide a "*reasonable estimate* of the *dates and hours* they worked, *and the pay* they received. Such a reasonable estimate is sufficient based on their testimony alone." *Amaya v. Superior Tile and Granite Corp.*, 10-cv-452 (PGG), 2012 WL 130425, at *8 (S.D.N.Y. 2012). However, the "employee *should not speculate*, but []he *may rely solely on* [his] [] present *memory and recollection* to carry [his] [] burden." *Lanzetta v. Florio's Enterprises, Inc.*, 763 F. Supp.2d 615, 618 (S.D.N.Y. 2011).

Here, Plaintiff denied working during the very same period the Complaint claims he was employed by the corporate Defendant and purportedly denied overtime wages, on no less than three (3) separate occassions. *See supra* Section I. herein. Indeed, Plaintiff testified that this case was filed *only* because he felt aggrieved that he was terminated from the corporate Defendant's employ. *See supra* Section I. herein. When prompted to confirm that all the answers provided in the deposition were accurate, Plaintiff responded in the affirmative. Zabell Affirmation, Exhibit H, at 23:17-19; 36:16-18; 38:23-24; 39:01-02. In addition, during the second iteration of his deposition, Plaintiff testified in the affirmative when asked to confirm that his earlier testimony was "truthful and accurate." Zabell Affirmation, Exhibit H, at 90:21-24. Therefore, for this reason alone, as a matter of law, summary judgment must be granted in Defendants' favor.

Nonetheless, and notwithstanding the forgoing, should the Court elect to proceed and evaluate the factual circumstances underlying Plaintiff's claims, summary judgment must still be granted in Defendants' favor. Plaintiff is unable to satisfy his minimal burden to accurately identify and provide reasonable estimates from his memory, not predicated upon speculation or conclusory statements, of the dates he worked and the value of money he claims he is owed. Zabell Affirmation, Exhibit H, at 93:03-05; 93:12, 107:14-16, 112:21-23; 113:04-13, 146:03-09. *See Gomez*, 2014 WL 1310296, at *6; *Garcia v. Badyna*, 13-CV-4021 (RRM) (CLP), 2014 WL

4728287, at *8 (E.D.N.Y. 2014). Plaintiff's deposition confirms that his memory is deficient and unreliable. To the extent that Plaintiff offers any purported meaningful information, it must be dismissed as unreliable and the likely product of his counsel's coaching.

Plaintiff's deposition is littered with examples that cast doubt on the reliability and accuracy of his memory. Indeed, most serious is his testimony on three (3) separate occasions, where he purportedly denied working during the very period the Complaint claims he was employed by Defendant and denied overtime wages. *See supra* Section I. herein. More so, Plaintiff's deposition took place on September 11, 2014 and continued on November 5, 2014. However, when asked, Plaintiff conceded that he "cannot be certain" if he could "remember the questions and answers that [] [he] gave two [2] months ago" at the September 11, 2014 deposition. Zabell Affirmation, Exhibit H, at 110:15-23.

Moreover, Plaintiff testified that he was unable to remember the address for the corporate Defendant, a location he purportedly worked at for several months. Zabell Affirmation, Exhibit H, at 43:18-21. In addition, he was unable to remember any specific items from the menu, much less remember how many tables the corporate Defendant contained. Zabell Affirmation, Exhibit H, at 44:24; 45:01-13; 45:21-23. Indeed, Plaintiff's deficient memory is even evidenced by the fact that he was unable to remember the anniversary date of his marriage, conceding that he simply "forgot." Zabell Affirmation, Exhibit H, at 27:08-14. Hence, the Court has recognized that although Plaintiff is not required:

> "to keep careful records and plead their hours with mathematical precision, we have recognized that it is *employees' memory and experience* that lead them to claim in federal court that they have been denied overtime in violation of the FLSA in the first place. Our standard *requires* that plaintiffs draw on those resource in providing complaints with *sufficiently developed factual allegations*."

*DeJesus v. HF Management Services, LLC,* 726 F.3d 85, 90 (2d Cir. 2013) (emphasis added).
Plaintiff cannot meet his burden when his memory is plainly unreliable and tainted by his
counsel's manipulations.

On or about May 2012 Plaintiff was hired to work as a busboy for the corporate
Defendant. Zabell Affirmation, <u>Exhibit D</u>, at ¶ 16-17. The extent of Plaintiff's patently unreliable
testimony is that he started at 10:00 a.m. and worked until 11:00 p.m., for which his duties
include vacuuming and mopping the floor, cleaning the restrooms, setting the tables with
utensils, and cleaning the tables. Zabell Affirmation, <u>Exhibit H</u>, at 48:16-23; 49:01-10; 115:01.
Even so, the Corporate Defendant is open only from 11:00 a.m. to 11:00 p.m. during the week,
and noon to 11:00 p.m. on weekends. Zabell Affirmation, Exhibit I, at 93:04-09. According to
Plaintiff, he worked five and half (5.50) days a week. Zabell Affirmation, <u>Exhibit H</u>, at 100:15;
144:18-19. Nevertheless, Plaintiff's deficient memory foiled any testimony relating to which
particular days of the week he worked. Indeed, Plaintiff testified:

> "Q.  What day off did you have each week?
> A.  I cannot remember."

Zabell Affirmation, <u>Exhibit H</u>, at 107:14-16. Still, Plaintiff initially guessed that he did not work
on Monday. Zabell Affirmation, <u>Exhibit H</u>, at 107:18-19. Later, during a separate line of
questioning, Plaintiff guessed that he was in fact off work on Sunday or Tuesday. Zabell
Affirmation, <u>Exhibit H</u>, at 144:23-24; 145:01-02. Moreover, evidencing Plaintiff's bewilderment,
he testified that:

> "Q.  Well, as you sit here today, can you identify any specific dates that
>       you worked, sir?
> Mr. Sheer.      Objection to form.
> A.  Well, that's *the year 2000*. I was not working there. *The dates and
>       what I cannot remember. I cannot recall.*"

Zabell Affirmation, <u>Exhibit H</u>, at 146:03-09 (emphasis added). Above all, Plaintiff was unsure and could not recall, with even minimal precision the days of the week that he worked, during the period of May 2012 to January 1, 2013.

In fact, Plaintiff worked the same schedule every week of "four and a half [(4.5)] days, [forty and half hours] 40 ½ hours a week," from 10:30 a.m. until 10:00 p.m. Zabell Affirmation, <u>Exhibit I</u>, at 28:10-16, 31:07-13; 93:10-13. Plaintiff worked the same full schedule Monday, Tuesday, Thursday, and Friday, along with a half shift (6:00 p.m. to 10:00 p.m.) on Saturday. Zabell Affirmation, <u>Exhibit I</u>, at 30:25, 31:2-3; 92:17-21. Plaintiff never worked Wednesday or Sunday. Zabell Affirmation, <u>Exhibit I</u>, at 92:22-24; 102:03-05. Still, at times, at least "once every other week," Plaintiff simply "decided not to show up" at work, yet he was still paid for his scheduled hours. Zabell Affirmation, <u>Exhibit I</u>, at 41:18-24. Hence, Plaintiff cannot identify based upon his own memory, with even minimal reliability, the days of the week that he worked for the corporate Defendant.

Moreover, Plaintiff was not required to work during his two (2) hour break between the lunch and dinner shift between 3:30 and 5:30 p.m., plus he received two (2) thirty (30) minute meal periods for lunch and dinner, between 3:00 p.m. to 3:30 p.m. and 9:00 p.m. to 9:30 p.m. respectively. Zabell Affirmation, <u>Exhibit I</u>, at 28:19-21; 29:05-25; 30:02-15; 31:22; 32:05, 11; 95:03-05. During his break period and meal periods, Plaintiff was "completely relieved of his [work] responsibilities," and was provided meals at no expense. Zabell Affirmation, <u>Exhibit I</u>, at 97:02-17. After his meals, and during his meals, he was free to leave, or to stay in the Corporate Defendant's break room. Zabell Affirmation, <u>Exhibit I</u>, at 97:18-25. Curiously, ostensibly on account of his counsel's coaching, Plaintiff testified that he had a break, between the lunch and dinner shifts, of only "one-and-a-half hour[s]." Zabell Affirmation, <u>Exhibit H</u>, at 48:16-23;

49:01-10; 105:03; 106:23-24; 107:01-03. Further, Plaintiff denied receiving meal breaks, but when pressed, he retracted his previous untruthful testimony and conceded that he was provided meal periods, during which time he did not work and was able to take his meals anywhere. Zabell Affirmation, Exhibit H, at 129:16-24, 130-32. As such, Plaintiff's testimony is inherently untrustworthy.

Elaborating on his break period, Plaintiff testified that he would typically take his break by sleeping on couches, at the Corporate Defendant's downstairs break room, although "[s]ometimes I [(the Plaintiff)] just went outside [sic] somewhere else". Zabell Affirmation, Exhibit H, at 103:21-24; 104:01-06; 104:17; 106:07-11; 116:14-17; 117:11-15. Indeed, when pressed, Plaintiff concedes that he "didn't have to sleep on the coach downstairs... [He] could have gone anywhere for at least an hour and a half..." Zabell Affirmation, Exhibit H, at 106:12-15. Importantly, Plaintiff admits that he was not expected or required to work during his break. Zabell Affirmation, Exhibit H, at 117:06-09. In short, Plaintiff was relieved of his responsiblites for three (3) hours during the course of every workday that ran from 10:30 a.m. until 10:00 p.m. Thus, Plaintiff only worked for a total of eight and half hours (8.50) hours on Monday, Tuesday, Thursday, and Friday.

Finally, Plaintiff admitted that for at least five (5) weeks in 2012, he worked less than forty (40) hours a week. Pursuant to Fed. R. Civ. P. 36 (a): "[a] matter is *admitted unless, within [thirty] 30 days after being served*, the party to whom the request is directed services on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." (emphasis added). On April 8, 2014, Plaintiff failed to timely and fully respond to at least five (5) requests for admissions, which sought admissions that on at least one, two, three, four, and five weeks in 2012, he "worked less than forty (40) hours for Defendant." Zabell

13

Affirmation, Exhibit L. To that end, on at least three (3) on occasions, namely May 12, 2014, July 29, 2014, and August 8, 2014, Defendants advised Plaintiff through correspondence of his admission by operation of law under Fed. R. Civ. P. 36 (a). Zabell Affirmation, Exhibit G. Consequently, Plaintiff worked less then forty (40) hours, in five (5) of the approximately thirty-two (32) weeks of his employment with the Corporate Defendant.

With respect to his earned wages, Plaintiff was unable to identify, *based upon his own memory*, the wages that he received. The initially filed Complaint identified his wages as one thousand six hundred dollars ($1,600.00) every two (2) weeks. Zabell Affirmation, Exhibit B. Thereafter, Plaintiff amended his Complaint to claim that he was paid eight hundred dollars ($800.00) every two (2) weeks, which he repeated during his deposition. Zabell Affirmation, Exhibit H, at 99:04-10; 99:23-24; 100:01. Zabell Affirmation, Exhibit D. Furthermore, he testified that he was fully paid, based on an hourly rate, for all his hours worked. Zabell Affirmation, Exhibit H, at 100:06-09. Yet, Plaintiff was paid four hundred dollars ($400) every week (eight hundred dollars ($800) every two weeks)), for the first four (4) weeks of his employment, which was thereafter increased to four hundred twenty-five dollars ($425) every week (eight hundred fifty dollars ($850) every two weeks)). Zabell Affirmation, Exhibit I, at 35:11-21.

Significantly, when asked what he was "looking for in this lawsuit," Plaintiff merely responded "to finish this lawsuit" and that he did "not know." Zabell Affirmation, Exhibit H, at 93:03-05; 93:12. Moreover, Plaintiff disclosed that he did not know how much he purportedly was owed, had no idea how to calculate what he believed he was owed, much less "have any idea" as to what he believed he was owed. Zabell Affirmation, Exhibit H, at 112:21-23; 113:04-13. Additionally, Plaintiff testified:

14

"Q.      How much do you want today [for the lawsuit] to go away?
Mr. Sheer:      Objection to form.
A.      I do not know."

Zabell Affirmation, Exhibit H, at 113:20-23. Thus, Plaintiff cannot even formulate a *reasonable estimate* as to how much money he believes that he is owed in order to meet *his minimal burden*. Again, this cannot come as a surprise since Plaintiff confessed that he only filed this lawsuit because he was fired.

Accordingly, Plaintiff fails to satisfy his negligible burden. Plaintiff cannot identify the dates and hours that he worked. Plaintiff cannot provide a reasonable approximation of the value of money to which he believes he is entitled. Indeed, Plaintiff's testimony revealed that his memory is unreliable and that he has forgotten critical information. Whereas, Plaintiff must satisfy his burden based upon his own first-hand recollection, free from his counsel's manipulating hand, the information offered during the course of his deposition, is without more, a patchwork of speculation and guesswork, designed to supplement the bare bones allegations in the Amended Complaint. In short, as Plaintiff cannot meet his minimal burden, under the standard set forth in *Kuebel v. Black & Decker Inc.* to set forth a *prima facie* case, summary judgment must be granted in favor of Defendants. All claims concerning purported unpaid overtime wages, arising under the FLSA and NYLL, must be dismissed.

## C.      SPREAD OF HOURS – NEW YORK LABOR LAW

Plaintiff is not entitled to "spread of hours" wages. Plaintiff's claim for such relief must be dismissed and summary judgment granted in Defendants' favor. Pursuant to 12 N.Y.C.R.R. § 142-2.4, an employee is entitled to "spread of hours" wages," where the spread of hours worked exceeds ten (10) hours. Moreover, under 12 N.Y.C.R.R. § 142-2.18, "[t]he *spread of hours* is the interval between the beginning and end of an employee's workday. The spread of hours for any

day includes working time plus time off for meals plus intervals off duty." *See Gomez*, 2014 WL 1310296, at \*4. However, "the spread of hours statue applies *only to employees making minimum wage*." *See Carrasco-Flores*, 2014 WL 4954629, at \* 3 (emphasis added). *See Williams v. Tri-State Biodiesel, L.L.C.*, 13-cv-5041 (GWG), 2015 WL 305362, at \*16 (S.D.N.Y. Jan. 23, 2015) (holding that "recent case law has been *nearly unanimous* that the spread-of-hours requirement extends *only to workers paid at the minimum-wage level*") (emphasis added). *See also Malena v. Victoria's Secret Direct, LLC*, 886 F. Supp 2d 349, 369 (S.D.N.Y. 2012).

Plaintiff was paid *above* the New York minimum wage. Zabell Affirmation, Exhibit I, at 54:19-20; 54:19-20. Plaintiff worked for Defendants from May 2012 to January 1, 2013, during which time the statutory minimum wage was seven dollars and twenty-five cents ($7.25). He was paid nine dollars and sixty-three cents an hour ($9.63) and thirteen dollars and eighty-one cents ($13.91) for time worked in excess of forty (40) hours. Zabell Affirmation, Exhibit I, at 53:23-25.

Even Plaintiff, who is burdened by an unreliable and deficient memory, admits that he was paid above the statutory minimum wage throughout his tenure. Plaintiff testified that he worked five and half (5.50) days a week, from 10:00 a.m. until 11:00 p.m., for a total of thirteen (13) hours each day.[3] Zabell Affirmation, Exhibit H, at 48:16-23; 49:01-10; 115:01; 100:15; 144:18-19. Further, Plaintiff testified that he had a break between the lunch and dinner shifts of "one-and-a-half hour[s]." Zabell Affirmation, Exhibit H, at 48:16-23; 49:01-10; 105:03; 106:23-24; 107:01-03. In addition, after being reminded of his obligation to testify truthfully, Plaintiff

---

[3]     Plaintiff worked the same full schedule every week, namely four and a half (4.50) days on Monday, Tuesday, Thursday, and Friday, along with a half shift (6:00 p.m. to 10:00 p.m.) on Saturday. Zabell Affirmation, Exhibit I, at 28:10-16, 31:07-13; 93:10-13. Nonetheless, even assuming *arguendo*, based on Plaintiff's erroneous memory that he worked five and half (5.50) days a week, for which Defendants dispute his deficient recollection, Plaintiff's paid wages are still above minimum wage. Thus, as a matter of law, he is not entitled to spread of hours wages under NYLL.

conceded that he was provided meal periods, during which time he was not working and was able to eat anywhere. Zabell Affirmation, Exhibit H, at 129:16-24, 130-32. Based on Defendants' testimony, Plaintiff's lunch and dinner break period together was one (1) hour. Zabell Affirmation, Exhibit I, at 28:19-21; 29:05-25; 30:02-15; 31:22; 32:05, 11; 95:03-05. As such, Plaintiff was only expected to work ten and half (10.50) hours each day. Additionally, Plaintiff was paid four hundred twenty-five dollars ($425) every week. Zabell Affirmation, Exhibit I, at 35:11-21. Thus, when working ten and half (10.50) hours each day, five and half (5.50) days a week, at seven dollars and twenty-five cents ($7.25) (minimum wage) means that Plaintiff earned approximately four hundred eighteen dollars ($418.00) a week at minimum wage, whereas in fact he was paid four hundred twenty-five dollars ($425) every week. Thus, Plaintiff's weekly wage exceeded the amount he would have received had he been only paid minimum wage.

Since Plaintiff earned above the statutory minimum wage, his claim for "spread of hours" wages cannot be sustained. As such, this claim must be dismissed and summary judgment awarded in Defendants' favor.

## IV.    CONCLUSION

Upon the foregoing reasons, Defendants implore the Court to grant summary judgment in their favor and dismiss the FLSA and NYLL overtime claims, and NYLL spread of hours claim set forth in the Complaint. In addition, Defendants respectfully request that Court grant Defendants such other and further relief as it deems just and proper.

**ZABELL & ASSOCIATES, P.C.**
*Attorneys for Defendants*

By:    _____
SAUL D. ZABELL, ESQ.
One Corporate Drive, Suite 103
Bohemia, New York 11716
Tel.:    (631) 589-7242
Fax.:    (631) 563-7475
szabell@laborlawsny.com

18